IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BENJAMIN WAYNE MERRING, :
:
    Plaintiff, : CIVIL NO. 4:10-CV-0579
:
v. : Hon. John E. Jones III
:
CORRECTIONAL CARE, INC., *et al.*, :
:
    Defendants. :

## MEMORANDUM

April 12, 2010

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Plaintiff Benjamin Wayne Merring, an inmate presently confined at the Lackawanna County Prison in Scranton, Pennsylvania, initiated the above *pro se* action by filing a Complaint under 42 U.S.C. § 1983.[1] (Doc. 1.) He also has filed a Motion for Leave to proceed *in forma pauperis*. (Doc. 5.)

Based on the request to proceed *in forma pauperis*, the Complaint is before the

---

[1] As in his prior civil action filed in this Court, *Merring v. O'Brien*, Civil No. 4:09-CV-2128, Merring labels his Complaint as a "Common Law Complaint" and asserts that he specifically has not filed his Complaint under any federal statute because he has no evidence and believes none exists that would place him within the class of persons who could file such a complaint. (*See* Doc. 1 at 1.) However, he alleges that Defendants have violated "sections of the Constitution of the United States of America" and indeed appears to be attempting to assert violations of his Constitutional rights in the Complaint. (*See id.*) Accordingly, this Court construes his Complaint as one filed under the provisions of 42 U.S.C. §1983, which provides a method for vindicating rights conferred by the United States Constitution. This Court has jurisdiction over § 1983 claims under 28 U.S.C. § 1331.

Court for screening pursuant to 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's claims will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

I.  **ALLEGATIONS OF THE COMPLAINT**

In his Complaint, filed on March 15, 2010, Merring names as Defendants Correctional Care, Incorporated; Dr. Adam Zaloga; Head Nurse Barbra Fox; four (4) John Doe Defendants; and four (4) Jane Doe Defendants. He alleges that, during his prior period of incarceration at the Lackawanna County Prison from September 29, 2009 until December 1, 2009, he was instructed by the medical staff to use hot water from the coffee pot to fill his CPAP machine, which he describes as a medical device prescribed by his pulmonary doctor. (Doc. 1 at 3-4, 9.) He claims that, toward the end of his second month at that facility, his nose, throat, and mouth became irritated, and he "suspected that this irritation was being caused by the water that [he] was using in his CPAP machine." (*Id.* at 3-4.) He alleges that he submitted a sick call request toward the end of November, but was transferred to the State Correctional Institution at Camp Hill ("SCI Camp Hill") before he was seen. (*Id.* at 4.)

Merring claims that the staff at SCI Camp Hill gave him distilled water to use in his CPAP machine. (*Id.*) He states that he was provided with a gallon of distilled

water to keep in his cell and that he was able to obtain additional distilled water from the dispensary about every ten (10) days. (*Id.*) Merring alleges that, during his seventy-two (72) day period of confinement at SCI Camp Hill, the intake doctor and dental department examined his gums and prescribed ibuprofen for pain from inflamed gums. (*Id.*)

Merring explains that he returned to the Lackawanna County Prison on February 11, 2010. (*Id.* at 5.) He alleges that he demanded distilled water and that "[e]very day turned into an all day ordeal just to secure the distilled water that [he] needed for that day." (*Id.*) Merring admits that he was provided with distilled water for nineteen (19) days and that, even after a nurse informed him on March 2, 2010 that "the company doctor" had advised her not to continue to give him distilled water, she still provided it to him. (*Id.*)

Merring then recounts his efforts to ensure that he continue to receive distilled water. Although he alleges that his demands for distilled water were met with resistance, and at times, hostility, he admits that he received his distilled water. (*See id.* at 6-8.) He alleges that, until he was confined at SCI Camp Hill, he was unaware that medical staff have a "duty" to provide him with distilled water. (*See id.* at 8.) Yet, he claims in the Conclusion section of his Complaint that during his previous

3

period of incarceration at the Lackawanna County Prison, he demanded distilled water and the medical staff refused. (*See id.* at 9.) Merring states that he incorporates his claims regarding the failure of Lackawanna County Prison staff to provide distilled water during his prior periods of confinement into the instant Complaint, to the extent his claims are not barred by the statute of limitations. (*See id.* at 8.) He alleges that his unalienable rights have been violated and that he has been injured by Defendants. (*See id.* at 10.) As relief, he asks this Court to hold Defendants accountable, appoint counsel, and to award "actual and punitive relief as well as other just and equitable relief that the jury may award."

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 1915(e)(2)(B) states that, where a plaintiff is granted permission to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint fails to state a claim for purposes of § 1915(e)(2)(B)(ii), a court applies the same standard as that used when considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000); *Tourscher v.*

*McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "However, a court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss." *Evancho v. Fischer*, 423 F.3d 347, 351 (3d Cir. 2005) (citations omitted).

## III. DISCUSSION

Merring seeks to hold Defendants liable for failing to provide him with distilled water during his previous periods of incarceration at the Lackawanna County Prison as well as for delaying in fulfilling his requests for distilled water during his current period of confinement. In order to state a claim of inadequate medical care that rises to the level of a violation of one's rights under the Eighth Amendment, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions . . . that indicate deliberate indifference to that need." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). *See also Rouse v. Plantier*, 182 F.3d 192,

197 (3d Cir. 1999). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if 'unnecessary and wanton infliction of pain' results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

The test for whether a prison official was deliberately indifferent is whether that defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 841 (1994). "The official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse,* 182 F.3d at 197. *See also White v. Napoleon,* 897 F.2d 103, 108 (3d Cir.1990) (concluding that mere medical malpractice cannot give rise to a violation of the Eighth Amendment).

Merring fails to state a claim of deliberate indifference to a serious medical need with regard to the delay and/or resistance he faced when he sought distilled

6

water from the Lackawanna County Prison staff during his current period of incarceration. He admits that the distilled water has been provided, and, while he complains about losing sleep while waiting for distilled water, he fails to identify any medical harm he suffered as a result of the delay. As a result, he fails to establish any deliberate indifference to a serious medical need.

Notwithstanding any analysis of whether his claims stemming from his previous periods of incarceration are barred by the statute of limitations, Merring also fails to articulate a claim of deliberate indifference with respect to the Lackawanna County Prison staff's failure to provide distilled water during those times. Merring states that his CPAP machine was prescribed as a "potentially life saving medical device" by his pulmonary doctor. Even if Merring has a serious medical need that requires the use of this machine, it is not clear that the use of non-distilled water in the machine would result in a substantial risk of serious harm to the user. Even if the use of distilled water is recommended for the machine's optimal performance, Merring does not identify any "unnecessary and wanton infliction of pain" that he suffered as a result of using non-distilled water in his machine. He only states that he "suspects" that the nose, throat, and mouth irritation that he suffered during his Fall 2009 stay at the Lackawanna County Prison was caused by the water that he was

using in his CPAP machine. This speculation about the source of his irritation is not sufficient to establish that when the Lackawanna County Prison staff advised him to use hot water from the coffee machine in his CPAP machine, they knew that it would result in a "substantial risk of serious harm." Accordingly, he has failed to state a claim of deliberate indifference to a serious medical need by Lackawanna County Prison staff.

Because Merring fails to state a claim on which relief may be granted, his Complaint will be dismissed. Pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002). In the instant case, no amendment could cure the defects in Merring's claims, and therefore, dismissal will be with prejudice. An appropriate Order will enter.