IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN WAYNE MERRING, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 4:10-CV-0579 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| CORRECTIONAL CARE, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM and ORDER**

June 25, 2010

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Benjamin Wayne Merring initiated the above action by filing a document which he labeled as a "Common Law Complaint." (*See* Doc. 1.) At the time of filing, Merring was an inmate at the Lackawanna County Prison in Scranton, Pennsylvania. He now is confined on home incarceration.[1]

In a Memorandum and Order dated April 12, 2010, Merring's Complaint was dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. (*See* Docs. 8, 8-2.) Because we determined that amendment

---

[1] According to the VINELink website, which provides the custody status of inmates in the custody of county facilities through Pennsylvania's Victim Notification Service, PA SAVIN, Merring was released from the Lackawanna County Prison to home incarceration on May 4, 2010. *See* https://www.vinelink.com/vinelink/initSearchForm.do?siteId=39000.

would be futile, dismissal of the Complaint was with prejudice. Presently before the Court is Merring's Motion to Vacate the Order dismissing his Complaint (Doc. 9.) For the reasons set forth below, the Motion will be denied.

I.  **LEGAL STANDARD**

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration should not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## II. DISCUSSION

In his "Motion to Vacate," Merring seeks reconsideration of the dismissal of his case in that he asks this Court to vacate its Order dismissing his Complaint and re-open the case for further review. (*See* Doc. 9.) He argues that this Court erred in construing his "Common law complaint" as one filed under the provisions of 42 U.S.C. § 1983, and asserts that he was not asserting violations of his Constitutional rights because he does not claim to be a United States citizen.[2] (*See id.*) Rather, he claims that the Constitution was meant to be a restraint on the officials of "your government" and that he filed his Complaint to assert that government officials were violating their own Constitution. (*See id.* at 3.)

Merring does not establish any intervening change in controlling law, new evidence that was not available previously, or a clear error of law or fact such that reconsideration of our Memorandum and Order is warranted. In his Complaint, Merring sought "actual and punitive relief as well as other just and equitable relief as the jury may award" for Defendants' failure to provide him with distilled water for his CPAP machine, which he described as a medical device prescribed by his pulmonary

---

[2]In his supporting brief, Merring explains that he is not a citizen because it is not possible to be born in the United States, which he explains is not real. Merring states that he is a "flesh and blood man" who exists in nature. (*See* Doc. 10 at 2-3.)

3

doctor, (*see* Doc. 1 at 3-4, 9) during his previous periods of incarceration at the Lackawanna County Prison.  He also sought the same relief for the delays he faced in receiving his distilled water during his most recent period of confinement at the Lackawanna County Prison.  (*See* Doc. 1.)  If Merring was not attempting to state a claim that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by providing inadequate medical care, then this Court does not have jurisdiction over his claim.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.").  Accordingly, there is no basis for this Court to reconsider its Order dismissing Merring's Complaint, and his Motion to Vacate will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Vacate (Doc. 9) is **DENIED**.

s/ John E. Jones III  
John E. Jones III  
United States District Judge